Thomson, P. J.
The complaint alleged a lease to the appellant, who was plaintiff, by the appellees, who were defendants, of certain premises in the city of Colorado Springs, for the term of one year from January 1, 1901, at $75.00 per month. It also alleged that the plaintiff had for a year prior to that date occupied and possessed the same premises, and that the defendants had during the same period occupied and possessed adjoining premises; that the premises occupied by each were owned by one Woestman; that it was agreed between the plaintiff and the defendants that a lease of the entire premises for the ensuing year should be procured by one or the other of them, the party obtaining the lease to permit the other party to remain where he was for one year; that if the defendants secured the lease, plaintiff should become their tenant at $75.00 per month; and that the defendants did secure the lease from Woestman, but refused to allow the plaintiffs to remain upon the premises, and threatened to put his furniture and fixtures into the street. A decree for the performance of the alleged contract was prayed, also, an injunction restraining the defendants from molesting the plaintiff.
The following is the only information imparted by the plaintiff’s abstract of the record as to what occurred at the trial:
“Testimony of the plaintiff, W. L. Dawson.
“State what was said, if anything, between you and the defendant Proctor prior to the time he obtained the lease from Woestman for the year begin *407 ning January 1, 1891, as to whether if you obtained á lease on the whole floor, he would remain, and as to whether if he obtained a lease on the whole floor you would stay.
‘‘The Court: It don’t strike me that is material.
‘ ‘ Testimony of William Burney.
“What did you hear Mr. Proctor say, if anything, before he got the lease, with reference to Dawson remaining there?
“Defendant objects, being immaterial. Objection sustáined; plaintiff excepts.
“Cross-examination of Proctor.
“Then there was an understanding that he should remain at $75.00 a month if you got the lease?
‘ ‘ The Court: I don’t care to hear any testimony as to the negotiations prior to the delivery of the lease by Woestman to Proctor.”
The only assignments of error which are in any manner sufficient, go to the refusal of the court “to allow the plaintiff to show what was the contract before the defendants obtained the lease from Woestman,” and the refusal of the court “to allow the plaintiff to show what took place between the parties prior to the time when the lease was obtained by the defendants W. N. and Mattie Proctor from E. F. Woestman.” The abstract bears upon its face evidence that considerable testimony was given at the trial which it does not contain. Without knowing what that testimony was, we should hesitate to pass upon an isolated ruling, dissevered from connections by which it might be explained, unless it was independently and manifestly erroneous. The abstract shows three questions: one to the plaintiff, one to William Burney, and one to Proctor on cross-examination. The rulings on the questions to the plaintiff and Proctor were acquiesced in by the plaintiff, *408 so that he cannot now be heard to complain of them. The ruling on the question to Burney was, however,excepted to, and if on its face, independently of its possible connections, it was erroneous, the plaintiff would be entitled to the benefit of his exception. The errors alleged are refusals to allow the plaintiff to show what was the contract (presumably between the plaintiff and the defendants) before the latter obtained the lease from "Woestman, and to show what took place between the parties prior to the time the lease was obtained. Mr. Burney was asked what he had heard Mr. Proctor say “with reference to Mr. Dawson remaining there.” He was not asked what he had heard Mr. Proctor say about a contract between himself and the plaintiff, or about what took place between himself and the plaintiff before the lease was obtained, and an answer to the question as asked would not necessarily refer to any contract or conversations between the plaintiff and Proctor. Mr. Proctor might have said many things about' Mr. Dawson ‘ ‘ remaining there ’ ’ which had not the remotest reference to any contract or negotiations between the parties. If the intention was to bring out admissions by Mr. Proctor of a contract with the plaintiff, or of anything in the nature of a contract with the plaintiff, the question should have been differently framed. Without knowing what preceded it, and looking only at the language of the question itself, we think the objection interposed was very properly sustained.
The judgment will be affirmed.

Affirmed.